IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Roshune Lemarr Carelock, | ) | Civil Action No.: 5:19-cv-00116-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Kenny Boone; Jeff Johnson; Lynnette Patton; R. Hammett; Robin Flemming; Tasha Davis; Karen Scott; Mark Altman; Hope Hatchell; Eric McDaniels; Karen Venner; Sharon Davis; Jason Miles; Dr. Kristopher Crawford; Jordan Rhodes, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Plaintiff Roshune Lemarr Carelock, proceeding pro se,[1] filed the instant civil rights action against Defendants above-named, pursuant to 42 U.S.C. § 1983, seeking monetary damages and injunctive relief for alleged violations of his rights protected by the Eighth Amendment to the United States Constitution. (*See* ECF Nos. 12, 12-2.)

This matter is before the court on Carelock's Motion for Preliminary Injunction. (ECF No. 27.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On August 5, 2019, the Magistrate Judge issued a Report and Recommendation in which she recommended that the court deny Carelock's Motion. (ECF No. 86 at 5.) Carelock filed Objections to the Magistrate Judge's Report and Recommendation, which are presently before the court. (ECF No. 103.) For the

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **DENIES** Carelock's Motion for Preliminary Injunction.

## I. RELEVANT BACKGROUND TO PENDING MOTION

In an Amended Complaint (ECF No. 12) filed on February 19, 2019, Carelock alleges that as a pretrial detainee at the Florence County Detention Center ("FCDC") beginning on August 27, 2018, his serious medical needs as protected by the Eighth Amendment were denied by Defendants, employees at the FCDC. (*See* ECF No. 12 at 9–12.) Thereafter, on April 5, 2019, Carelock filed the instant Motion for Preliminary Injunction stating in its entirety as follows:

> Plaintiff hereby and through this Motion, respectfully asks this court to issue a preliminary injunction on his behalf, against the above[-]mentioned Defendants in this civil action. Pursuant to the Federal Rules of Civil Procedure, Plaintiff asks this court to order the [D]efendants [to refrain] from[] mistreatment of him, retaliation, and further violations of his rights.
>
> Plaintiff declares through this motion to the court, the specific mistreatment, violations of his rights, and forms of retaliation he has been and is currently subject to by the named [D]efendants.
>
> 1. Plaintiff has been placed into Max-Segregation (Lock-up) without cause or reason by Jeff Johnson (Jail Manager) permanently. Violating Plaintiff's "Due Process Right."
>
> 2. Plaintiff has been in Max-Segregation (Lock-up) over (40) forty days, without a mattress or linen in extremely cold temperature. Plaintiff has been randomly stripped down to only underwear and refused clothing. Violating Plaintiff's 8th Amendment right[] to be free from cruel and unusual punishment.
>
> 3. Plaintiff has been and is currently being denied all "Incoming/Outgoing Mail," Legal books for research, legal materials, and writing materials. Violating Plaintiff's right to "Access the Courts," and right to freedom of association.
>
> 4. Plaintiff is being denied his Glaucoma medication for his chronic illness, which is [the] basis of his civil action of this case. Causing further irreparable damage to condition. Denying right to medical care or treatment.

(ECF No. 27.) Defendants filed a Response in Opposition to Plaintiff's Motion for Preliminary Injunction on April 18, 2019, to which Carelock filed a Response to Defendants' Opposition of

Motion for Preliminary Injunction on April 29, 2019. (ECF Nos. 51, 54.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the Magistrate Judge issued her Report and Recommendation on August 5, 2019, recommending that Carelock's Motion for Preliminary Injunction be denied. (ECF No. 86 at 5.) On August 21, 2019, Carelock filed Objections to the Report and Recommendation. (ECF No. 103.)

The court considers the merits of Carelock's Objections to the Report and Recommendation below.

## II. JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Carelock's claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." *Id.*

## III. LEGAL STANDARD

A. <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or

modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  *See* 28 U.S.C. § 636(b)(1).

B.  Preliminary Injunctions Generally

"The court's authority to issue a preliminary injunction arises from Rule 65 [of the Federal Rules of Civil Procedure], but 'it is an extraordinary remedy never awarded as of right.'"  *SCE&G v. Randall*, 333 F. Supp. 3d 552, 563 (D.S.C. 2018) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).  "The traditional purpose of a preliminary injunction is to protect the status quo and to prevent irreparable harm during the pendency of the lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits."  *Id.* (quoting *De la Fuente v. S.C. Dem. Party*, 164 F. Supp. 3d 794, 798 (D.S.C. 2016)).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter*, 555 U.S. at 20 (citations omitted).  "Each of these requirements 'must be fulfilled as articulated.'"  *SCE&G*, 333 F. Supp. 3d at 563 (quoting *De La Fuente*, 164 F. Supp. 3d at 798).

## IV.  ANALYSIS

A.  The Report and Recommendation

As to Carelock's Eighth Amendment claims, the Magistrate Judge observed that "Plaintiff has not established any of the elements necessary to justify an injunction."  (ECF No. 86 at 4 (citing ECF No. 27).)  To this point, the Magistrate Judge made the following specific observations regarding the aforementioned *Winter* factors:

> Plaintiff is not likely to succeed on the merits because Plaintiff did not support his allegations and arguments with any documentation or evidence, including medical documentation and evidence of his glaucoma or any serious physical or medical condition. The undersigned is also of the opinion that Plaintiff has not demonstrated "irreparable harm in a deteriorating circumstance created by the defendant," *see In re Microsoft Antitrust Litig.*, 333 F.3d. at 526. The undersigned further recommends a finding that Plaintiff has not established that the balance of equities tips in his favor. Finally, the undersigned recommends that Plaintiff has failed to establish that an injunction is in the public interest.
>
> . . .
>
> In sum, Plaintiff has not met his burden to provide documents or evidence either in his Motion or his Reply in support of his allegations and arguments. Such conclusory allegations are insufficient to support a Motion for a Preliminary Injunction.

(ECF No. 86 at 4–5.) Based on the foregoing, the Magistrate Judge recommended that the court deny Carelock's Motion for Preliminary Injunction.[2] (*Id.* at 5.)

B.   Carelock's Objections

As his objection to the foregoing analysis, Carelock submits 6 pages of argument and approximately 73 pages of medical records.[3] (*See, e.g.*, ECF Nos. 103, 103-1–103-11.) Initially, Carelock focuses his argument on generally explaining to the court that he is not seeking its "sympathy," while, at same time, taking issue with the court's denial of his 2 Motions to Appoint Counsel and Defendants' failure to either respond to his discovery or provide him access to legal research and writing materials. (ECF No. 103 at 1–2.) Thereafter, Carelock transitions into explaining how his attached medical documentation demonstrates that Defendants' actions in delaying and denying him treatment have complicated his glaucoma and caused him optical

---

[2] The court observes that even though Carelock did not request it, the Magistrate Judge did also evaluate Carelock's Motion in the context of a mandatory preliminary injunction. (*See* ECF No. 86 at 5.) "Mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980) (citation omitted).

[3] The medical records submitted by Carelock primarily consist of assessments, inmate grievance and request forms, releases, consultation notes, and jail incident reports.

5

damage. (*Id.* at 3–5.) In this regard, Carelock argues that he has suffered irreparable harm and now is suffering additional retaliation and harassment from Defendants as a result of the instant lawsuit. (*Id.* at 5.)

C. The Court's Review

In this case, Carelock alleges that Defendants violated the Eighth Amendment by inflicting him with cruel and unusual punishments and by being deliberately indifferent to his serious medical needs as it relates to his glaucoma. (*See* ECF Nos. 12, 12-2.)

"The Eighth Amendment to the United States Constitution [does] prohibit[] prison officials from inflicting 'cruel and unusual punishments' by acting with deliberate indifference to a prisoner's serious medical needs." *Goodman v. Runion*, 676 F. App'x 156, 159 (4th Cir. 2017) (citing U.S. Const. amend. VIII; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "To prevail in a medical needs case, the inmate must satisfy [a] two-pronged test . . . ." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825 (1994)). "First, the inmate must demonstrate the defendant's deliberate indifference to an 'objectively sufficiently serious' medical need, 'that has either been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctors' attention.'" *Id.* (quoting *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)) (internal and external citations and internal quotation marks omitted). "Second, under the subjective prong, the inmate must prove that the defendants "acted with a 'sufficiently culpable state of mind.'" *Id.* (quoting *Scinto*, 841 F.3d at 225) (external citation omitted). "The inmate must show that the defendant 'actually knew of and disregarded a substantial risk of serious injury . . . or that they actually knew of and ignored a . . . serious need for medical care.'" *Id.* (quoting *Young v. City of Mt. Ranier*, 238 F.3d 567, 576 (4th Cir. 2001)).

Upon its review, the court observes that even assuming that Carelock's arguments and

medical evidence sufficiently demonstrate that his glaucoma was an "objectively sufficiently serious medical need," a review of these very same arguments and evidence do not establish that each of the Defendants named in this lawsuit individually had the requisite "culpable state of mind." (*See* ECF Nos. 103-1–103-11.) Therefore, because Carelock's arguments and evidence are insufficient as to the subjective prong of the *Farmer* test, the court is unable to find that Carelock will likely succeed on the merits of his Eighth Amendment claim. Accordingly, the court need not address any of the other necessary elements for preliminary injunctive relief. *La Union Del Pueblo Entero v. Fed. Emergency Mgmt. Agency*, 608 F.3d 217, 225 (5th Cir. 2010) ("Because we have determined that Plaintiffs cannot show a substantial likelihood of success on the merits, we need not address FEMAs additional arguments regarding the other necessary elements for preliminary injunctive relief. The holding on the initial element is sufficient to vacate the injunction."); *Coleman v. Chase Bank*, C/A No. 3:14-cv-101, 2014 WL 2533400, at *3 (E.D. Va. June 5, 2014) ("Because Plaintiffs cannot show a likelihood of success on the merits, the Court need not address the remaining factors."). As such, the court cannot issue a preliminary injunction.

## V. CONCLUSION

For the reasons set forth above, the court **DENIES** Plaintiff Roshune Lemarr Carelock's Motion for Preliminary Injunction. (ECF No. 27.) The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 86) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

February 21, 2020
Columbia, South Carolina