# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | | |
|---|---|---|
| Roshune Lemarr Carelock, | ) | Civil Action No.: 5:19-cv-00116-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Kenny Boone; Jeff Johnson; Lynnette Patton; Raheem Hammett; Robin Flemming; Tasha Davis; Kimberly Scott; Mark Altman; Hope Hatchell; Eric McDaniels; Karen Venters; Sharon Davis; Jason Miles; Dr. Kristopher Crawford; and Jordan Rhodes, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Roshune Lemarr Carelock ("Plaintiff"), proceeding *pro se*,[1] filed the instant civil rights action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while a pretrial detainee at the Florence County Detention Center ("FCDC"). (ECF Nos. 12, 12-2.) This matter is before the court on the above-captioned Defendants' Motion for Summary Judgment (ECF No. 140). All Defendants are employees of FCDC. (ECF Nos. 12 at 2-3; 12-2 at 2; 12-3 at 1.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to the United States Magistrate Judge for pretrial handling. On May 21, 2020, the Magistrate Judge issued a Report and Recommendation ("Report") in which she recommended the

---

[1] "Because he is a pro se litigant, Plaintiff's pleadings are construed liberally by the court and held to a less stringent standard than attorneys' formal pleadings." *Simpson v. Florence Cty. Complex Solicitor's Office*, Civil Action No.: 4:19-cv-03095-JMC, 2019 WL 7288801, at *2 (D.S.C. Dec. 30, 2019) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). "This, however, 'does not transform the court into an advocate' for Plaintiff; the court is not required to recognize Plaintiff's claims if there is clearly no factual basis supporting them." *Id.* (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

1

court grant Defendants' Motion for Summary Judgment. (ECF No. 199.) Plaintiff filed Objections to the Report, which are presently before the court. (ECF No. 201.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation and **GRANTS** Defendants' Motion for Summary Judgment.

## I.     RELEVANT BACKGROUND TO PENDING MOTION

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. Plaintiff alleges that, as a pretrial detainee at FCDC beginning on August 27, 2018, Defendants violated his constitutional right to medical treatment for a serious medical condition. (*See* ECF No. 12 at 9-12.) Specifically, Plaintiff states he did not receive prescription medication for glaucoma for three weeks, and was thereafter denied an ophthalmologist for his glaucoma and subsequent treatment for exacerbated glaucoma symptoms. *Id.* Plaintiff contends he has suffered from chronic and severe headaches, distorted vision, and restless nights due to a lack of medical care. (*Id.* at 10.) In addition, Plaintiff claims Defendants violated his constitutional rights by placing him in the Maximum Security Unit ("MSU"); subjecting him to cold temperatures without a mattress, linens, or clothing; and limiting his time with legal resources and materials. (ECF No. 12-2 at 2-3.)

Plaintiff filed the Amended Complaint on February 19, 2019, alleging claims under 42 U.S.C. § 1983 of medical indifference to a serious medical need, unconstitutional conditions of confinement, and denial of his right of access to the courts.[2] (ECF Nos. 12, 12-2.)

On November 5, 2019, Defendants filed a Motion for Summary Judgment. (ECF No. 140.) Defendants supplemented their Motion a short time later. (ECF No. 157.) In response, Plaintiff

---

[2] Plaintiff also appeared to assert a First Amendment claim for being denied religious services. Yet, as pointed out by the Magistrate Judge, Plaintiff did not "identify his religion nor has he alleged any facts to show how Defendants burdened the exercise of his religion." (ECF No. 199 at 20-21.)

filed opposition briefing and supplements. (ECF Nos. 177, 179, 188.) Defendants thereafter filed a reply. (ECF No. 181.) On May 21, 2020, the Magistrate Judge submitted a Report and Recommendation to the court, recommending the Motion be granted. (ECF No. 199.) Plaintiff thereafter filed Objections to the Report (ECF No. 201), to which Defendants filed a reply (ECF No. 202). The court considers the merits of Plaintiff's Objections to the Report below.

## II.     JURISDICTION

This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims against Defendants under 42 U.S.C. § 1983, which permits an injured party to bring a civil action against a person who, acting under color of state law, ordinance, regulation, or custom, causes the injured party to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws." *Id.*

## III.    LEGAL STANDARD

A.    <u>The Magistrate Judge's Report and Recommendation</u>

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter

with instructions. *See* 28 U.S.C. § 636(b)(1).

B.  Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party in order to avoid summary judgment. *See id.* at 248.

**IV.  ANALYSIS**

A.  The Report and Recommendation

In the Report, the Magistrate Judge suggested granting Defendants' Motion for Summary Judgment on all claims. (ECF No. 199 at 2.) The Magistrate Judge began by determining "Plaintiff's general contentions that Defendants Sharon Davis, Raheem Hammett, Robin Flemming, Jason Miles, Tasha Davis and Kimberly Scott were deliberately indifferent to

Plaintiff's medical needs, and that Karen Venters had personal involvement, are insufficient to state a constitutional claim." (*Id.* at 6.) The Magistrate Judge then turned to Defendant Kenny Boone and explained that, while supervisors may be liable for constitutional violations by their subordinates in certain circumstances, here Plaintiff did not allege any of the necessary elements for supervisory liability to attach. (*Id.*)

For the remaining Defendants, the Magistrate Judge found Plaintiff had not shown Defendants were deliberately indifferent to a serious medical need. (*Id.* at 13.) After thoroughly reviewing Plaintiff's medical records, the Magistrate Judge observed that Plaintiff "was seen by FCDC medical staff 12 times from August 2018 to May 2019 concerning his glaucoma and complaints of back, hip, and neck pain. Plaintiff was also treated for his glaucoma by ophthalmologist Dr. [Isam] Zakhour in February, March, and July 2019." (*Id.*) The Magistrate Judge continued that medical records showed Plaintiff's "medication was being administered pursuant to his doctor's orders." (*Id.*) The Magistrate Judge also noted that "a disagreement about the proper treatment for a medical condition does not in and of itself state a constitutional violation. (*Id.* (citing *Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary); *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011) (finding the Constitution requires prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice); *Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976) (explaining a disagreement as to the proper treatment to be received does not in and of itself state a constitutional violation)).)

The Magistrate Judge further concluded Plaintiff's claim regarding his conditions of confinement required dismissal against the remaining Defendants. (ECF No. 199 at 18.) The

5

Magistrate Judge emphasized the "wide-ranging deference the judiciary must show prison administrators with regard to matters within their discretion." (*Id.* at 18 (citing *Wetzel v. Edwards*, 635 F.2d 283, 288 (4th Cir. 1980) (internal marks omitted)).) Moreover, after discussing the evidence, the Magistrate Judge decided that "Plaintiff . . . failed to show his placement in MSU amounted to punishment. Defendants have provided evidence that the decisions about Plaintiff's housing assignments were made based on safety and security concerns at the institution." (*Id.*) Relatedly, the Magistrate Judge disregarded "Plaintiff's conclusory allegations that he was placed in lock-up without notice and a hearing" as "insufficient to create an issue of fact as to this claim . . . [e]specially in light of Plaintiff's FCDC disciplinary records and his complaint allegations that he was placed in MSU following a hearing where he was found guilty." (*Id.*)

Nor did Plaintiff demonstrate his incarceration "subjected him to cruel and unusual punishment," the Magistrate Judge continued. (*Id.*) The Magistrate Judge expounded that sleeping on the floor or on an uncomfortable mattress, or alleging "back and neck pain, without more, are insufficient to establish [Plaintiff] suffered from a serious or significant injury." (*Id.* at 19 (citing *Parker v. Stevenson*, 625 F. App'x 196, 200 (4th Cir. 2015); *Smalls v. Myers*, No. 9:05-2995-GRA-GCK, 2006 WL 1454779, at *7 (D.S.C. May 24, 2006)).) Similarly, the Magistrate Judge determined that "Plaintiff's conclusory allegations that he was shackled, served cold food, strip searched, denied alcohol or drug counseling, had no access to mail from family and friends, exposed to cold temperatures in his cell, and had limited exercise fail to establish Defendants engaged in constitutional wrongdoing." (*Id.* (compiling cases).)

Lastly, the Magistrate Judge addressed Plaintiff's claim regarding a denial of access to the courts. The Magistrate Judge emphasized that Plaintiff had not demonstrated an actual injury from allegedly being denied additional time in the prison's law library, particularly because he "has

6

filed numerous pleadings and motions with the court, including a Motion to Amend his Complaint on May 3, 2019, which was granted." (*Id.* at 21.)

B.     Plaintiff's Objections

Although Plaintiff broadly "objects" to the Report's findings, he only offers argument on his denial of access claim. (ECF No. 201.) Specifically, Plaintiff complains that he has been provided only limited time to access the law library or other means of legal research and writing, which inhibits his ability to "properly/adequately present his claims before the court." (*Id.* at 3.) Plaintiff further contends he continues to be "maliciously denied access to writing materials by [D]efendants," due to having such materials confiscated when he apparently is outside of the law library. (*Id.*)

C.     The Court's Review

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

As an initial matter, the court finds Plaintiff has only offered specific objections related to his denial of access claim. Although Plaintiff states he "objects to" the Report's findings regarding insufficient factual allegations against certain Defendants, the medical indifference claim, and the conditions of confinement claim, he offers no argument or reasoning on these issues. (ECF No. 201 at 1-2.) As the Magistrate Judge properly considered and addressed each of these arguments, the court adopts the recommendations therein. Thus, the court next examines Plaintiff's objections

related to his denial of access claim.

To prove that Defendants violated his right of access to the courts, Plaintiff cannot simply rely on conclusory allegations, and instead "must show actual injury or prejudice resulting from the official conduct[.]" *Williamson v. Rogers*, No. CV 0:15-4755-MGL-PJG, 2017 WL 2703858, at *3 (D.S.C. June 2, 2017), *report and recommendation adopted*, No. CV 0:15-4755-MGL, 2017 WL 3085761 (D.S.C. July 20, 2017) (citation omitted); *see Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) (denying a plaintiff's denial of access claims "because his complaints d[id] not specifically explain how he was injured by any limitations on his access to the law library") (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (explaining that for plaintiff to state a claim for denial of access to courts, it is not enough to show that the "prison's law library or legal assistance program is subpar in some theoretical sense"; a plaintiff must demonstrate actual injury by "demonstrat[ing] that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim")).

Here, Plaintiff has failed to sufficiently allege an actual injury from Defendant's conduct to support a denial of access claim. Plaintiff's main contentions appear to revolve around the amount of time he is allowed to spend with various legal resources and materials each day, as well as having writing materials confiscated outside of this daily timeframe. Although Plaintiff claims he cannot "properly/adequately present his claims before the court" based on the lack of time afforded for the law library, he also admits he receives up to thirty minutes a day to conduct legal research and writing. (ECF No. 201 at 3.) Likewise, other evidence in the record shows Plaintiff can review his legal mail and access other legal materials "for up to 30 minutes a day after making a request[.]" (ECF No. 199 at 16.) Plaintiff has not alleged any actual injury stemming from these circumstances, such as which claims he has been unable to adequately present to the court or how

this daily timeframe specifically "hinders his efforts to pursue a legal claim." *Lewis*, 518 U.S. at 351. The fact Plaintiff simply seeks more time to work on legal matters, while pointing to conclusory allegations to sustain an injury, does not amount to a denial of access to the courts in the Fourth Circuit.

Indeed, Plaintiff's contention that he scarcely has time for case work is further belied by his plentiful quantity of filings since the case's inception. Plaintiff has filed at least twenty-three motions (ECF Nos. 21, 27, 55, 57, 58, 65, 75, 81, 93, 95, 116, 117, 118, 129, 136, 137, 144, 152, 154, 161, 164, 174, 178), fourteen letters (ECF Nos. 24, 25, 56, 92, 94, 100, 115, 133, 153, 183, 184, 190, 195, 205), and various other responses, supplements, and filings since bringing his initial Complaint in January 2019 (ECF No. 1). As Plaintiff has not sufficiently alleged an actual constitutional injury, his denial of access claim must be dismissed.

## V.     CONCLUSION

For the reasons set forth above, the court **GRANTS** Defendants' Motion for Summary Judgment. (ECF No. 140.) The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 199) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 30, 2020
Columbia, South Carolina

9